

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS SMITH, JR., <br> Plaintiff, <br> <br> vs. <br> <br> CHIEF KEN MILLER and DETECTIVE <br> TIMOTHY MICHAEL CONROY, <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 6:17-00610-MGL |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE
### AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Complaint be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 1, 2017, and the Clerk of Court entered Plaintiff's objections to the Report on May 17, 2017. The Court has carefully considered the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

Construed liberally and in the light most favorable to Plaintiff, Plaintiff's objections fail to set forth any specific objection to the Report. Rather, Plaintiff's objections constitute a recitation of his allegations against Defendants. Nowhere in Plaintiff's objections does he meaningfully contest the Magistrate Judge's recommendation his claims are premature because he is currently serving a sentence for a conviction that has not yet been invalidated. As explained by the Magistrate Judge, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), as a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction or sentence, and Plaintiff has failed to demonstrate the conviction or sentence has already been invalidated. Therefore, the Court will overrule Plaintiff's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment

of the Court the Complaint is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

    **IT IS SO ORDERED**.

    Signed this 18th day of May, 2017, in Columbia, South Carolina.

                                                    s/ Mary Geiger Lewis  
                                                    MARY GEIGER LEWIS  
                                                    UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

    The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.